Jeffrey A. SESTRIC

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 19, 2011.

Decided Sept. 27, 2011.

*ton,* 566 A.2d at 594.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Thomas N. Farrell, Pittsburgh, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the December 23, 2010, order of the Court of Common Pleas of Washington County (trial court), which granted the license suspension appeal of Jeffrey A. Sestric (Licensee) and reinstated his driving privileges. We affirm.

On October 10, 2009, Trooper James Lulkovitz was dispatched to an address on Meadow Road in Hanover Township in connection with an alleged assault. When the trooper arrived, the alleged victim, Timothy Atkinson, reported that Licensee had assaulted him. Atkinson did not indicate when the assault allegedly occurred. Atkinson gave the trooper Licensee's address and informed him that Licensee had been drinking and drove away.[1] The trooper drove to Licensee's home. Licensee came outside and identified himself to the trooper. The trooper noticed a strong odor of alcohol on Licensee's breath and person. When Licensee refused to answer any questions about the alleged assault, the trooper placed Licensee in handcuffs and drove him to Atkinson's home. Atkinson positively identified Licensee as his alleged assailant. The trooper then informed Licensee that he was under arrest for assault. While still parked at Atkinson's home, the trooper asked Licensee to submit to a breath test, but Licensee declined.

The trooper then drove Licensee twenty miles to the state police barracks in Allegheny County. At the barracks, the

---

1. The trooper testified as follows:

    Q  You spoke to Mr. Atkinson. What information did Mr. Atkinson provide you at that time?
    A  He said he had an altercation with his brother-in-law, [Licensee]. It occurred ... on the roadway....

    [Atkinson] explained the situation how he got assaulted, that [Licensee] jumped back in his vehicle with his daughter and drove back to his house.

    Q  Did Mr. Atkinson relate to you any observations he had made regarding [Licensee's] physical appearance at the time of this assault?
    A  He just stated when we got there that he had been drinking, that [Licensee] had been drinking prior to us getting there.
    (N.T. at 6–7, R.R. at 19a–20a.)

trooper read Licensee the DL–26 form, but Licensee refused to submit to chemical testing. The trooper sent the DL–26 form to DOT, which suspended Licensee's operating privileges. Licensee filed an appeal with the trial court, which held a hearing on the matter.

At the hearing, Trooper Lulkovitz testified that the entire incident, from the time he was dispatched to the time he arrived at the state police barracks twenty miles away, took place in under twenty-five minutes. The trial court found this testimony incredible. The trial court then concluded that the trooper did not have reasonable grounds to believe that Licensee had been drinking and driving. The trial court explained:

> The only evidence Trooper Lulkovitz had to rely on in forming the requisite reasonable grounds to believe [Licensee] had been drinking and driving came from Mr. Atkinson. Mr. Atkinson alleged that [Licensee] assaulted him, and the trooper only spoke to Mr. Atkinson briefly regarding the alleged assault. The trooper did not get any specific information from Mr. Atkinson about . . . when [Licensee] was allegedly drinking. There was also no testimony whatsoever . . . [about] when Mr. Atkinson observed [Licensee] driving. There was no testimony whatsoever about when [Licensee] may have been driving. . . . [DOT] also failed to provide any evidence whatsoever to establish any kind of timeline between when [Licensee] allegedly consumed alcohol and when [Licensee] allegedly operated a motor vehicle.

(Trial Ct. Op. at 4.) By order dated December 23, 2010, the trial court granted Licensee's appeal and reinstated his oper-

ating privileges. DOT now appeals to this court.[2]

DOT argues that the trial court erred in concluding that the trooper lacked reasonable grounds to believe that Licensee was driving under the influence of alcohol. We disagree.

In *McCullough v. Department of Transportation, Bureau of Driver Licensing*, 165 Pa.Cmwlth. 371, 645 A.2d 378, 380 (1994), this court held that DOT was not required to present the testimony of the third party who provided a police officer with information about a licensee in order to establish reasonable grounds to believe that the licensee was driving under the influence of alcohol. However, this court pointed out that, if DOT fails to present the third party as a witness, DOT increases the risk that the trial court will not find the officer's testimony credible. *Id.* at 381.

> The trial judge in these license suspension cases does not sit as an automaton required to accept as credible everything to which an arresting officer testifies on the stand. He is the fact-finder and is free to accept or reject any testimony in whole or in part, subject only to review by this Court for an abuse of discretion. In this case, it is clear from the opinion of the court that the trial judge did not "accept the officer's testimony." . . . . In sum, we hold that although DOT is not required to produce a third party witness, not doing so may increase the risk of a finding by the fact-finder that the officer's testimony will not be accepted and, consequently, a finding that DOT will not prevail.

*Id.* at 380–81.

Here, the trial court specifically found the trooper incredible with respect to the

**2.** Our scope of review is limited to determining whether the trial court's decision is supported by substantial evidence, whether there has been an error of law, or whether the decision indicates a manifest abuse of discretion. *Stahr v. Department of Transportation, Bureau of Driver Licensing*, 969 A.2d 37, 39 n. 2 (Pa.Cmwlth.2009).

amount of time that passed during the incident. DOT concedes "that Trooper Lulkovitz was mistaken about the precise times when each of these events occurred." (DOT's Brief at 14.) Moreover, the trial court found that Atkinson did not give the trooper any timeframe regarding Licensee's drinking and driving. Thus, the record contains no credible evidence to establish when Licensee was drinking, when Licensee was driving, when the alleged assault occurred, when Atkinson reported the alleged assault, when the trooper met with Atkinson or when the trooper met with Licensee.

This court has consistently held that an officer cannot have reasonable grounds to believe that a licensee was driving under the influence of alcohol unless the officer establishes the timeframe between the licensee's driving and the licensee's intoxication. *See Demarchis v. Department of Transportation, Bureau of Driver Licensing*, 999 A.2d 639, 644 (Pa.Cmwlth.2010) (holding that the officer lacked reasonable grounds and stating that the lack of a time line is a troubling aspect of the case); *Stahr v. Department of Transportation, Bureau of Driver Licensing*, 969 A.2d 37, 41 (Pa.Cmwlth.2009) (stating that the officer could not reasonably conclude that the licensee was driving under the influence of alcohol without establishing the timeframe between the accident and the observed intoxication). Here, DOT failed to establish the appropriate timeframes.

Accordingly, we affirm.

### ORDER

AND NOW, this 27th day of September, 2011, the order of the Court of Common Pleas of Washington County, dated December 23, 2010, is hereby affirmed.