IN THE COMMONEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Heller, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 806 C.D. 2018 |
| | : | Submitted: March 1, 2019 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: May 6, 2019

Michael Heller (Licensee) appeals an order of the Court of Common Pleas of Northumberland County (trial court) denying his license suspension appeal and reinstating the Department of Transportation's (PennDOT) 18-month suspension of his operating privilege under Section 1547 of the Vehicle Code, 75 Pa. C.S. §1547, commonly referred to as the Implied Consent Law. For the following reasons, we affirm.

On February 2, 2018, while on patrol, Northumberland Borough police officer Edward Cope received several dispatch reports concerning an erratic driver in a nearby township. The vehicle was described in the dispatches. Cope proceeded to the area where the vehicle was likely to enter the Borough. While en route, he was informed that the vehicle had parked in a handicapped parking space on Queen Street. Upon arrival, he observed a vehicle as described in the dispatches parked in the handicapped space with no handicapped parking placard displayed. A portion of the vehicle was in the lane of travel.

Cope approached the vehicle and observed Licensee sitting in the driver's seat, his head down and his car keys between his legs on the seat. Cope opened the door of the vehicle to determine if Licensee was experiencing a medical problem and to awaken him; at this point, he smelled the odor of alcohol.

Cope asked Licensee to exit the vehicle to perform a standardized field sobriety test, which he failed. Cope then arrested Licensee for driving under the influence of alcohol (DUI) and transported him to a hospital for a blood test. Licensee refused the blood test despite being advised of the civil penalties that could result from his refusal.

On February 16, 2018, PennDOT notified Licensee that his operating privilege would be suspended for a period of 18 months, effective March 23, 2018. Certified Record (C.R.), Notice of Suspension, at 1. Licensee appealed, contending that the "searches and seizures of his person and vehicle, made prior to and/or subsequent to his arrest," violated his constitutional rights. Reproduced Record at 4 (R.R. ___); Petition for Appeal (3/13/2018), ¶5.

The trial court held a *de novo* hearing, at which only Cope testified. Cope testified, in addition to the facts described above, that he arrived on the scene 11 minutes after receiving the initial dispatch. The vehicle's engine was not running, and he did not touch the vehicle to see whether it was warm. Notes of Testimony, 5/9/2018, at 16 (N.T.___); R.R. 37. Cope explained:

> I didn't really touch it. I mean it was the same vehicle that was described as driving erratically a couple minutes before. So. And it was parked exactly in the handicapped spot. There is very few handicapped spots in Northumberland Borough. This was the business district. So – and it was parked as described by the dispatchers on the two-way radio.

2

*Id.* Cope acknowledged that he did not obtain consent from Licensee before opening the door of the vehicle.

On May 9, 2018, the trial court denied Licensee's appeal. Licensee appealed to this Court. The trial court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Licensee to file a statement of errors complained of on appeal. PA. R.A.P. 1925(b). In his 1925(b) statement, Licensee asserted that Cope unlawfully entered his vehicle and "unconstitutionally removed [him] from his vehicle." C.R. Item No. 8; 1925(b) Statement, ¶2. Licensee argued that Cope's belief that Licensee had operated his vehicle under the influence of alcohol was based on evidence obtained "through a violation of [Licensee's] rights [to privacy] under the United States and Pennsylvania State Constitutions[.]" C.R. Item No. 8; 1925(b) Statement, ¶1.

In its opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court reasoned that Licensee did not enjoy a reasonable expectation of privacy. Citing *Osselburn v. Department of Transportation, Bureau of Driver Licensing*, 970 A.2d 534 (Pa. Cmwlth. 2009), the trial court observed that a person's privacy interest in an automobile "is considerably diminished." Trial Court op. at 2; R.R. 21. The trial court rejected Licensee's privacy argument because his vehicle "was in public, parked illegally in a handicapped parking spot." *Id.*

On appeal,[1] Licensee argues that Cope lacked reasonable grounds to suspect that Licensee had operated a vehicle under the influence of alcohol. Cope did not actually observe Licensee driving. Licensee further asserts that any evidence Cope obtained after he entered the vehicle violated Licensee's right to privacy under

---

[1] This Court's review determines whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Osselburn*, 970 A.2d at 538 n.4.

3

Article I, Section 8 of the Pennsylvania Constitution[2] and, thus, must be suppressed in the license appeal.

To sustain a suspension of a licensee's operating privilege under the Implied Consent Law,[3] PennDOT must establish that the licensee: (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to

---

[2] It states:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, §8. Article I, Section 8 protects a citizen's "reasonable expectation of privacy." *Commonwealth v. Blystone*, 549 A.2d 81, 87 (Pa. 1988). In *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991), our Supreme Court explained that:

> Article I, Section 8 … may be employed to guard individual privacy rights against unreasonable searches and seizures more zealously than the federal government does under the Constitution of the United States by serving as an independent source of supplemental rights.

*Id.* at 899 (quotation omitted).

[3] Section 1547(a) of the Vehicle Code states in pertinent part:

> (a)  General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance *if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of* section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), *3802 (relating to driving under influence of alcohol or controlled substance)* or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

75 Pa. C.S. §1547(a) (emphasis added). Section 1547(b) of the Vehicle Code states that "[i]f any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so," PennDOT shall suspend the operating privilege for 1 year, or 18 months under certain conditions. 75 Pa. C.S. §1547(b).

4

submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). Licensee's sole challenge on appeal is to the first prong.

Reasonable grounds exist "when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor." *Id.* at 1207. Further, "[t]he standard of reasonable grounds to support a license suspension does not rise to the level of probable cause required for a criminal prosecution." *Id.* This standard is determined by the totality of the circumstances, which may include "the location of the vehicle, whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police." *Id.* Whether reasonable grounds exist is a question of law reviewable by an appellate court on a case-by-case basis. *Id.*

It is not necessary for an officer to witness a licensee operating a vehicle in order for the officer to have reasonable grounds to arrest the Licensee for a suspected DUI offense. *Walkden v. Department of Transportation, Bureau of Driver Licensing*, 103 A.3d 432, 436 (Pa. Cmwlth. 2014). When an officer does not observe the licensee behind the wheel, there must be a showing of some other objective evidence establishing a time frame "between the licensee's driving and the licensee's intoxication." *Sestric v. Department of Transportation, Bureau of Driver Licensing*, 29 A.3d 141, 144 (Pa. Cmwlth. 2011). Simply because other inferences are possible does not render an arresting officer's belief unreasonable. *Polinsky v. Department of Transportation*, 569 A.2d 425, 427 (Pa. Cmwlth. 1990). Further, an officer's

5

reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *McCallum v. Commonwealth*, 592 A.2d 820, 822 (Pa. Cmwlth. 1991).

Here, the evidence adduced at trial was sufficient to establish reasonable grounds. Cope testified that he received a dispatch report about erratic driving that included a physical description of the vehicle and then another report that the vehicle was parked in a handicapped parking space on Queen Street. Cope arrived on the scene 11 minutes after receiving the initial dispatch and observed the exact vehicle as described parked in the handicapped space, without a handicapped parking placard displayed. A portion of the vehicle was in the lane of travel. Cope approached the vehicle and saw Licensee sitting in the driver's seat, with his head down and keys between his legs on the seat. Cope opened the door of the vehicle and smelled an odor of alcohol. Cope asked Licensee to perform a field sobriety test, which he failed. Viewing the facts and circumstances as they appeared at the time, a person in Cope's position could reasonably infer that Licensee had operated his vehicle under the influence of alcohol. *Banner*, 737 A.2d at 1207.

Licensee argues that reasonable grounds did not exist because Cope did not see him operate the vehicle, and "the individual alleging the vehicle was being driven" erratically did not testify. Licensee Brief at 11. This argument lacks merit. Out-of-court statements are inadmissible hearsay if offered to prove the truth of the matter asserted. *Bonegre v. Workers' Compensation Appeal Board (Bertolini's)*, 863 A.2d 68 (Pa. Cmwlth. 2004). Statements made by a dispatcher to an arresting officer, however, are admissible to show the officer's state of mind and establish whether he had reasonable grounds to believe the licensee operated a motor vehicle while intoxicated. *Menosky v. Commonwealth*, 550 A.2d 1372, 1374 (Pa.

6

Cmwlth. 1988). Accordingly, the dispatch statements here were admissible for this limited purpose and properly made part of the record.[4]

Next, we consider Licensee's argument that the evidence of intoxication Cope obtained by opening the door to Licensee's vehicle must be suppressed because Cope violated Licensee's right to privacy under Article I, Section 8 of the Pennsylvania Constitution. In support, Licensee cites *Regula v. Department of Transportation, Bureau of Driver Licensing*, 146 A.3d 836 (Pa. Cmwlth. 2016), where this Court stated that Article I, Section 8 could possibly provide a viable challenge to a license suspension on the basis of a violation of privacy. *Id*. at 840 n.6 (quoting *Osselburn*, 970 A.2d at 539). PennDOT responds that it was reasonable under the circumstances for Cope to open the door of the vehicle to see whether Licensee needed medical assistance.

We conclude that Cope did not violate Licensee's right to privacy by opening the door to the vehicle. This Court has held that "[i]n general, to have a reasonable expectation of privacy, one must intend to exclude others and must exhibit that intent." *Osselburn*, 970 A.2d at 539. Although the right to privacy is applicable to a vehicle, "the expectation of privacy in one's vehicle is significantly less than in one's home or office." *Id*. at 540 (quoting *Commonwealth v. Chase*, 960 A.2d 108, 119 (Pa. 2008)). Here, Licensee parked his vehicle in a public parking space, partially in the lane of travel. He was observed sitting in the driver's seat, with his head down. Because Licensee did not exhibit an intent to "exclude others," he did not have a reasonable expectation of privacy under the circumstances. *Osselburn*, 970 A.2d at 539.

---

[4] At the trial court hearing, Licensee raised an objection on hearsay grounds to Cope's testimony regarding the dispatch statements. Licensee later withdrew the objection after Cope stated that the statements were made to him before he approached Licensee's vehicle. N.T. 6; R.R. 27.

In any event, courts have consistently held that the remedy of suppression of evidence is unavailable in the context of a license suspension appeal. *Sitoski v. Department of Transportation, Bureau of Driver Licensing*, 11 A.3d 12, 21 (Pa. Cmwlth. 2010). *See also Department of Transportation v. Wysocki*, 535 A.2d 77, 79 (Pa. 1987) (holding that the legality of a licensee's arrest is immaterial in a license suspension proceeding as the licensee's guilt or innocence of a criminal offense is not at issue in the license suspension proceeding).

For all of the foregoing reasons, we conclude that Officer Cope had reasonable grounds to suspect that Licensee had driven while under the influence of alcohol. We thus affirm the trial court's May 9, 2018, order.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONEALTH COURT OF PENNSYLVANIA

Michael Heller,                                    :
        Appellant                          :
                                                   :
    v.                                            :   No. 806 C.D. 2018
                                                   :
Commonwealth of Pennsylvania,                      :
Department of Transportation,                      :
Bureau of Driver Licensing                         :

# **O R D E R**

AND NOW, this 6th day of May, 2019, the order of the Court of Common Pleas of Northumberland County in the above-captioned matter, dated May 9, 2018, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge