IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Wright,                             :
                          Appellant       :
                                          :
         v.                               :   No. 411 C.D. 2022
                                          :   Submitted: November 23, 2022
Commonwealth of Pennsylvania,             :
Department of Transportation, Bureau      :
of Driver Licensing                       :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                          FILED: May 5, 2023


         Donna Wright (Licensee) appeals from an order entered by the Court
of Common Pleas of Schuylkill County (trial court) on March 22, 2022, which
dismissed Licensee's statutory appeal and reinstated the suspension of her operating
privilege.   The Commonwealth of Pennsylvania, Department of Transportation,
Bureau of Driver Licensing (DOT) imposed the suspension pursuant to what is
commonly known as the Vehicle Code's "Implied Consent Law," 75 Pa. C.S.
§1547(b)(1)(ii), as a result of Licensee's refusal to submit to chemical testing upon
her arrest for driving under the influence of alcohol or a controlled substance.[1]  For
the following reasons, we reverse.

---

[1] Section 1547(b)(1)(ii) authorizes DOT to suspend the operating privilege of a licensee
for 18 months as a consequence of her refusal to submit to chemical testing in connection with her
arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802 (relating to driving under
the influence of alcohol or a controlled substance).  75 Pa. C.S. § 1547(b)(1)(ii).

# I. BACKGROUND

On August 24, 2021, Pennsylvania State Trooper Zachary Railing arrested Licensee for driving under the influence. By notice mailed on September 20, 2021, DOT notified Licensee that, as a result of her refusal to submit to chemical testing, her operating privilege would be suspended. *See* Official Notice of Suspension, 9/20/21.[2] Licensee appealed her suspension to the trial court, and a *de novo* hearing was held on March 22, 2022.

In support of the suspension, DOT presented testimony from Trooper Railing. According to Trooper Railing, he responded to a report of disorderly conduct. Notes of Testimony (N.T.), 3/22/22, at 5. When he arrived at 27 East Marple Street in Norwegian Township, Trooper Railing observed Licensee sitting on a picnic bench while her vehicle was parked in an adjacent business parking lot. *Id*. Trooper Railing asked Licensee whether she had driven, and she responded in the affirmative. *Id.* at 5-6.

Trooper Railing noticed a strong odor of alcohol coming from Licensee, that Licensee's eyes were bloodshot and glossy, and that Licensee was slurring her words. *Id.* at 6. Trooper Railing also noted that Licensee had trouble walking straight. *Id.* Trooper Railing conducted various field sobriety tests, which Licensee failed. *Id.* at 7. Based on his observations and those test results, Trooper Railing took Licensee into custody. *Id.* Trooper Railing transported Licensee to the hospital to conduct a chemical test. *Id.* at 8. Prior to the test, Trooper Railing read Licensee the DL-26 form verbatim. *Id.* Licensee refused the chemical test. *Id.*

---

[2] DOT suspended Licensee's operating privilege for 18 months because she was previously convicted for driving under the influence of alcohol or a controlled substance in 2010. *See* DOT Ex. C-1, Sub-Ex. No. 4.

On cross-examination, Trooper Railing conceded that he did not see Licensee operate the vehicle nor did he have any knowledge as to how long the vehicle had been parked prior to his arrival. N.T. at 15.

At the close of the hearing, the trial court concluded that Trooper Railing had reasonable grounds to believe that Licensee had operated the vehicle while under the influence. N.T. at 19-20. Therefore, the trial court dismissed Licensee's appeal. Licensee timely appealed to this Court.

## II. ISSUE

Licensee asserts that Trooper Railing lacked reasonable grounds to believe that Licensee had been driving while under the influence of alcohol. *See* Licensee Br. at 6. In support of this assertion, she notes the absence of any evidence suggesting that she had operated her vehicle erratically or in an unsafe manner. *See id.* at 11-14 (citing, *inter alia*, *Commonwealth v. Brotherson*, 888 A.2d 901 (Pa. Super. 2005)). Further, according to Licensee, DOT failed to establish a timeframe between Licensee's admitted operation of the vehicle and her intoxication. *See id.* at 14-16 (citing in support *Sestric v. Dep't of Transp., Bureau of Driver Licensing*, 29 A.3d 141 (Pa. Cmwlth. 2011)); *see also id.* at 11 n.2 (suggesting that she "could have been sitting on the picnic bench for upwards of three hours").

In response, DOT asserts that its evidence was sufficient to demonstrate Trooper Railing's reasonable belief that Licensee had operated her vehicle while intoxicated. According to DOT, Licensee admitted to driving to the location where she was found; Trooper Railing had no reason to believe that Licensee began drinking after her arrival; and Trooper Railing observed Licensee's intoxication. *See* DOT Br. at 9-18. Thus, considering the totality of these circumstances, DOT asserts that the trial court properly dismissed Licensee's appeal. DOT Br. at 18-19. (citing

3

in support *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1207 (Pa. 1999)).

### III. DISCUSSION[3]

To sustain a license suspension, DOT has the burden of establishing:

(1) the licensee was arrested for drunken driving by a police officer having reasonable grounds to believe that the licensee was driving while under the influence, (2) the licensee was requested to submit to a chemical test, (3) the licensee refused to do so and (4) the licensee was warned that refusal would result in a license suspension. Once DOT meets this burden, the burden shifts to the licensee to establish that he or she either was not capable of making a knowing and conscious refusal or was physically unable to take the test.

*Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013) (internal citation omitted). Here, Licensee only disputes the first element, *i.e.*, whether Trooper Railing had reasonable grounds to believe that Licensee had been driving under the influence.

The test for reasonable grounds is not very demanding, nor is it necessary for the officer to be correct in his belief. *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 384 (Pa. Cmwlth. 2010). "Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the [licensee] was operating the vehicle while under the influence of intoxicating liquor." *Banner*, 737 A.2d at 1207. In determining whether an officer had reasonable

---

[3] Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion. *See Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010). Additionally, we must review the evidence in the light most favorable to the party that prevailed before the trial court. *McDonald v. Dep't of Transp., Bureau of Driver Licensing*, 708 A.2d 154, 155-56 (Pa. Cmwlth. 1998).

4

grounds for his belief, a court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running, and other evidence that may indicate that the licensee drove the vehicle after consuming alcohol. *See id*. Whether reasonable grounds exist is a question of law reviewable by a court on a case-by-case basis. *Id.*

There is no requirement for a police officer to see the licensee operating a vehicle. *Walkden v. Dep't of Transp., Bureau of Driver Licensing*, 103 A.3d 432, 437 (Pa. Cmwlth. 2014). However, at the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle while intoxicated. *Bold v. Dep't of Transp., Bureau of Driver Licensing*, 285 A.3d 970 (Pa. Cmwlth. 2022) (citing *Gammer*, 995 A.2d at 384). Further, "[t]his [C]ourt has consistently held that an officer cannot have reasonable grounds to believe that a licensee was driving under the influence of alcohol unless the officer establishes the timeframe between the licensee's driving and the licensee's intoxication." *Sestric*, 29 A.3d at 144.

Here, the trial court credited the testimony of Trooper Railing, concluding that he had reasonable grounds to believe that Licensee drove her vehicle while intoxicated. *See* Trial Ct. Op., 6/1/22, at 2-4. Viewing this evidence in the light most favorable to DOT, we agree that there is sufficient evidence that Licensee drove. *See* N.T. at 5-6. We also agree that there is sufficient evidence that Licensee was intoxicated when Trooper Railing arrived at the scene. *See id.* at 6-7. However, critically absent from the record is evidence that Licensee drove or operated her vehicle *while intoxicated*.

For example, in *Bold*, the arresting officers found licensee passed out in the driver's seat of his car, which was parked near a liquor store with the engine

5

running and lights on. 285 A.3d at 979. Given the obvious nature of the case, the Court simply stated, "these facts alone are sufficient to satisfy the reasonable grounds test." *Id*.; *see also, e.g.*, *Gammer*, 995 A.2d at 382 (holding that licensee slumped over in the driver's seat of car with engine running while parked in unusual location established reasonable grounds); *Brotherson*, 888 A.2d at 901 (holding that defendant asleep in his car, which was parked on the basketball court of a children's gated playground, created a strong inference that defendant was already intoxicated when he had driven to the spot).

The facts of this case are dissimilar to those found in *Bold*, *Gammer*, and *Brotherson*. Unlike those cases, Licensee was not found in her car, nor did Trooper Railing offer additional details that would suggest Licensee's recent control of the vehicle, such as whether the engine was running or the lights were on. Moreover, unlike *Gammer* and *Brotherson*, there does not appear to be anything unusual about the location or manner in which Licensee had parked her car. Without additional details, there is insufficient objective evidence of record to support the trial court's decision.

We also find Licensee's reliance upon *Sestric* persuasive and agree with Licensee that the record is devoid of evidence establishing a temporal connection between her operation of the vehicle and her intoxication. In *Sestric*, the arresting officer responded to a call in which a witness alleged that the licensee assaulted him, had been drinking, and drove away. 29 A.3d at 142-43. The officer drove to the licensee's home, noticed a strong odor of alcohol, received a positive identification from the witness, and arrested the licensee. *Id*. Rejecting the officer's testimony, the trial court noted the absence of any timeline for the events that occurred. *See id*. On appeal, this Court agreed, stating "the record contains no credible evidence to

6

establish *when* [the l]icensee was drinking, *when* [he] was driving, *when* the alleged assault occurred, *when* [the victim] reported the alleged assault, *when* the trooper met with [the victim,] or *when* the trooper met with [the l]icensee." *Id.* at 144 (emphasis added). Thus, this Court concluded that there was insufficient evidence to establish the officer's reasonable belief. *Id.* at 143-44; *see also, e.g.*, *Stahr v. Dep't of Transp., Bureau of Driver Licensing*, 969 A.2d 37, 41 (Pa. Cmwlth. 2009) (holding that the Department could not establish reasonable grounds without establishing the timeframe between the accident and the observed intoxication). Like *Sestric*, there is no evidence of record to establish when Licensee parked her car, when she became intoxicated, when Trooper Railing was dispatched, and how long it was before he arrived at the scene. Thus, Trooper Railing's testimony fails to establish a temporal connection between Licensee's intoxication and Licensee's driving. *See Sestric*, 29 A.3d at 144; *Stahr*, 969 A.2d at 41.

## IV. CONCLUSION

Viewing the evidence of record in the light most favorable to DOT, *see McDonald*, 708 A.2d at 155-56, Licensee drove her car and was intoxicated when interviewed by Trooper Railing. However, absent from the record is evidence that Licensee drove her car erratically or parked her car in a manner that would suggest intoxication. Further, although Trooper Railing observed Licensee's intoxication, he did not find her sitting inside her car, nor establish that the car had been used recently. Thus, the record lacks evidence of a temporal connection between Licensee's intoxication and Licensee's driving. For these reasons, we conclude that Trooper Railing lacked reasonable grounds to believe that Licensee had driven her car while she was intoxicated. *See Banner*, 737 A.2d at 1207. Accordingly, we

7

reverse the trial court's order dismissing Licensee's statutory appeal and reinstating the suspension of her operating privilege.

_____

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Wright,                           :
                    Appellant           :
                                        :
         v.                             :    No. 411 C.D. 2022
                                        :
Commonwealth of Pennsylvania,           :
Department of Transportation, Bureau    :
of Driver Licensing                     :

# **O R D E R**

AND NOW, this 5th day of May, 2023, the order of the Court of Common Pleas Schuylkill County, entered on March 22, 2022, is REVERSED.

_____
LORI A. DUMAS, Judge