# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremiah Rodriguez, :
            Appellant :
  :
          v. : No. 965 C.D. 2022
  : Submitted: May 5, 2023
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                     **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                     **HONORABLE LORI A. DUMAS,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: August 16, 2023**


Jeremiah Rodriguez (Licensee) appeals from the August 17, 2022 Order[1] of the Court of Common Pleas of Philadelphia County (common pleas) denying his administrative appeal from a one-year suspension of his operating privileges[2] imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau) under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly known as the Implied Consent Law, for his refusal to submit to chemical testing.[3] The sole issue Licensee raises on

---

[1] The Order is dated August 17, 2022, and was exited August 18, 2022.

[2] Licensee's administrative appeal and the trial court's opinion refer to the suspension as a 90-day suspension, although the official notice of suspension reflects a suspension period of 1 year.

[3] Section 1547(b)(1)(i) of the Vehicle Code states:

**(Footnote continued on next page…)**

appeal is whether the police had reasonable grounds to believe Licensee was operating or in actual physical control of the motor vehicle while driving under the influence of alcohol or a controlled substance. After Licensee filed his brief, the parties filed a Joint Stipulation and Motion stating that, after review of the transcript, there were no reasonable grounds to believe Licensee was operating a vehicle while driving under the influence and that the Bureau did not meet its burden of proof. For the reasons that follow, we agree that the Bureau did not meet its burden of proof, and, therefore, reverse.

## I.    BACKGROUND

On July 3, 2020, the Bureau issued a notice of suspension of Licensee's operating privilege for a period of one year as a result of a "violation of Section 1547 of the Vehicle Code, CHEMICAL TEST REFUSAL." (Ex. C-1.) On July 31, 2020, Licensee filed a notice of appeal with common pleas, appealing the suspension. (Record (R.) Item 1.) Following a number of continuances, common pleas held a hearing on August 17, 2022.

At the hearing, Officer Edwin Ocasio of the Philadelphia Police Department testified[4] that after being called to the scene of an automobile accident at

---

> If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code, 75 Pa.C.S. § 3802 (relating to driving under the influence of alcohol or controlled substance)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [Bureau] shall suspend the operating privilege of the person . . . [e]xcept as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

[4] The entirety of Officer Ocasio's testimony is found on pages 17 and 18 of the Reproduced Record.

approximately 1:54 a.m. on June 14, 2020, he encountered Licensee who was "staggering slightly" and had "slightly slurred speech." (Reproduced Record (R.R.) at 18.[5]) Officer Ocasio did not perform any field sobriety tests on Licensee as he was not trained to do so. (*Id.*) Officer Ocasio stated that he did "not recall" smelling alcohol on Licensee. (*Id.*) After approximately 10 to 15 minutes, he placed Licensee under arrest for suspicion of driving under the influence. (*Id.*) On cross-examination, Officer Ocasio testified Licensee was not in the vehicle when he arrived at the scene and there were numerous other people present. (*Id.*) Officer Ocasio testified he did not recall finding keys on Licensee, whether Licensee had said he was driving, or in whose name the vehicle was registered. (*Id.*) When asked if he smelled any drugs or alcohol, Officer Ocasio stated "I think I would remember[] drugs and alcohol." (*Id.*) In addition to Officer Ocasio, Officer Matthew Domenic of the Accident Investigation District testified that he was assigned to conduct chemical testing of Licensee. Licensee's counsel stipulated that Licensee was read the DL-26 form and refused chemical testing. (*Id.* at 18-19.) At the conclusion of the hearing, Licensee's counsel argued the Bureau did not meet its burden of proof, including, relevant here, showing that Officer Ocasio had reasonable grounds to believe Licensee was operating the vehicle. (*Id.* at 19.)

Following the hearing, common pleas issued its Order denying Licensee's appeal. Licensee filed a timely Notice of Appeal, and on September 7, 2022, common pleas entered an order directing Licensee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate

---

[5] Although Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173, requires the reproduced record to be numbered in Arabic figures followed by a small "a," the Reproduced Record here utilizes only Arabic figures.

Procedure 1925(b), Pa.R.A.P. 1925(b) (1925(b) Statement). In his 1925(b) Statement, Licensee asserted that common pleas

> committed an abuse of discretion and/or an error of law in finding that [] Officer [Ocasio] had reasonable grounds to conclude that [Licensee] was operating a motor vehicle while under the influence of alcohol or a controlled substance where the evidence on the record demonstrated that [] Officer [Ocasio] didn't witness [Licensee] driving a vehicle, didn't perform any standardized field sobriety tests on [Licensee], didn't smell any alcohol or drugs on [Licensee], [and] didn't establish ownership of the vehicle[.]

(R.R. at 13-14.) On October 7, 2022, common pleas issued a 1925(a) Opinion in support of its Order denying Licensee's administrative appeal. Therein, common pleas explained its reasoning as follows:

> Probable cause exists when the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance. *Commonwealth v. Welshans*, . . . 580 A.2d 379, 381 ([Pa. Super.] 1990).
>
> In the facts presented, although the arresting officer did not witness [Licensee] driving the vehicle, the officer's testimony shows that there was probable cause for him to believe that [Licensee] had been driving under the influence of alcohol or a controlled substance. Officer Ocasio testified that he arrived to the scene of the auto accident, spoke with [Licensee], and noticed that he was staggering and slurring his speech. . . . Further, [Licensee] argues that there is evidence that Officer Ocasio did not smell alcohol or drugs on [Licensee] which is not true. Officer Ocasio testified that he did not recall if he smelled alcohol or drugs on [Licensee]. . . .
>
> In a bench trial, the trial court is acting in two distinct capacities: first, as the gate keeper, ruling on the admissibility of evidence, and second, as the fact-finder, affording weight to the admissible evidence. *Com*[*monwealth*] *v. Safka*, . . . 141 A.3d 1239 ([Pa.] 2016). In the instant matter this court found that the evidence showed that there was

4

probable cause for the [o]fficer to make an arrest of [Licensee] for driving under the influence. . . .

(1925(a) Opinion at 3.)

## II.     CONTENTIONS

On appeal,[6] Licensee argues there were no reasonable grounds to believe that Licensee was operating or in actual physical control of a motor vehicle while driving under the influence. (Licensee's Brief at 6-7.) Licensee argues Officer Ocasio "didn't witness [Licensee] driving a vehicle; [] didn't perform any standardized field sobriety tests on [Licensee]; didn't smell any alcohol or drugs on [Licensee]; never established ownership of the vehicle to [Licensee], [and] did not find keys to the automobile on [Licensee]." (*Id.* at 3.)   Thus, according to Licensee, it was not reasonable to arrest Licensee or request that he submit to chemical testing.  (*Id.* at 6-7.)

After Licensee's brief was filed, the parties filed a Joint Stipulation and Motion on January 18, 2023.  Therein, the parties stated that upon review of the hearing transcript, "Officer [] Ocasio[] did not have reasonable grounds to believe that [Licensee] was operating a vehicle while in violation of 75 Pa.C.S. § 3802." (Jt. Stip. & Motion ¶ 8.)  The parties further averred that, as a result, the trial court should have sustained Licensee's appeal because the Bureau failed to satisfy its *prima facie* burden of proof. (*Id.* ¶ 9.)  Accordingly, the parties requested the Order be vacated and the matter remanded to common pleas with directions to enter a new order sustaining the appeal filed by Licensee.  (*Id.* ¶ 10.)

---

[6] This Court's standard of review is "limited to determining whether common pleas committed an error of law, whether common pleas abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing,* 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

On February 3, 2023, this Court issued an order directing that the Joint Stipulation and Motion be listed with the merits of the appeal. The order also directed the Bureau, in light of the Joint Stipulation and Motion, to either file a brief or notify the Court if it did not intend to participate. The same day, the Bureau filed a letter indicating it was not filing a brief in response to Licensee's brief.

## III.  DISCUSSION

To satisfy its *prima facie* burden of proof to suspend the operating privilege of a licensee under Section 1547 for a refusal to submit to chemical testing, the Bureau

> must establish that the licensee (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so;[] and (4) was warned that refusal might result in a license suspension.

*Vora v. Dep't of Transp., Bureau of Driver Licensing,* 79 A.3d 743, 748 (Pa. Cmwlth. 2013) (citation and footnote omitted). Only the first element is at issue in the current case. "Whether reasonable grounds exist is a question of law reviewable by this Court on a case-by-case basis." *Sisinni v. Dep't of Transp., Bureau of Driver Licensing*, 31 A.3d 1254, 1257 (Pa. Cmwlth. 2011). A police officer has reasonable grounds for believing a licensee was operating or in actual physical control of a vehicle under the influence of alcohol if a reasonable person in the police officer's position could have concluded the same based on the facts and circumstances of the situation as they appeared at the time. *Kachurak v. Dep't of Transp., Bureau of Driver Licensing,* 913 A.2d 982, 985 (Pa. Cmwlth. 2006). "[T]he court must consider the totality of the circumstances, including the location of the vehicle,

6

whether the engine was running and whether there was other evidence indicating that the motorist had driven the vehicle at some point prior to the arrival of the police." *Banner v. Dep't of Transp., Bureau of Driver Licensing,* 737 A.2d 1203, 1207 (Pa. 1999).

After a review of relevant caselaw, we conclude that common pleas committed an error of law when it determined Officer Ocasio had reasonable grounds to believe that Licensee was operating or in actual physical control of the vehicle while intoxicated. Officer Ocasio's testimony at the hearing does not establish that Licensee was driving or in actual physical control of the vehicle at the time of the accident. In fact, Officer Ocasio's testimony does not even establish ownership of the vehicle to Licensee or demonstrate Licensee's location in relation to the vehicle at the time he responded. (R.R at 18.) Nor does it establish in any way the location of the vehicle, whether its engine was running, or whether Licensee was driving the vehicle at some point prior to police responding, which are the factors set forth in *Banner*. 737 A.2d at 1207. Furthermore, Officer Ocasio's testimony at the hearing does not definitively establish that he recalled smelling alcohol or drugs on Licensee at the time. (R.R. at 18.)

Cases which find officers had reasonable grounds to conclude a licensee drove while under the influence generally involve licensees who were observed driving or were found inside of their vehicles with other indicators that they had been driving. *See, e.g.*, *Helt v. Dep't of Transp., Bureau of Driver Licensing,* 856 A.2d 263, 266 (Pa. Cmwlth. 2004) (finding that even though the officer did not observe the licensee in the vehicle or driving, the officer had reasonable grounds to believe that the licensee had driven the vehicle based on other individuals at the scene of the accident identifying the licensee as the driver of the vehicle); *Kachurak,* 913 A.2d at 986

7

(finding the officer had reasonable grounds when the licensee was pulled over while driving, the officer smelled alcohol in the vehicle, the licensee's speech was slurred, the licensee's eyes were bloodshot and glassy, and the licensee staggered after exiting the vehicle); *Vinansky v. Dep't of Transp., Bureau of Driver Licensing*, 665 A.2d 860, 862 (Pa. Cmwlth. 1995) (holding that the officer had reasonable grounds when the licensee was found slumped over the steering wheel with the engine running and brake lights on).

In *Banner*, the licensee was found asleep in the passenger seat of a vehicle with the lights and engine turned off, although the keys were in the ignition. After the officer who responded knocked on the window of the vehicle, the licensee woke up and reached for the keys. There was no alcohol found in the vehicle. The licensee failed a field sobriety test, was arrested for driving under the influence, and refused chemical testing, resulting in the suspension of his operating privileges. 737 A.2d at 1204-05. The licensee appealed and common pleas, following a hearing, dismissed the appeal. This Court affirmed. On appeal, the Supreme Court reversed, concluding that there was "too tenuous of a connection to afford the officer reasonable grounds to have believed that [the licensee] was in *actual physical control* of the movement of the vehicle while intoxicated." *Id.* at 1208 (emphasis in original). Instead, the Supreme Court held "there must be some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated." *Id.* at 1207. In the present case, Licensee was not found inside of the vehicle or linked to the vehicle in **any** capacity to suggest he was operating or in actual physical control of the vehicle. (R.R. at 18.)

While a police officer does not have to directly observe a licensee driving to have reasonable grounds to conclude the licensee had actual physical control over

8

the movement of the vehicle, there must still be objective evidence to support the officer's conclusion. *Banner*, 737 A.2d at 1207. That objective evidence is lacking here.

This case is more akin to *Sestric v. Department of Transportation, Bureau of Driver Licensing*, 29 A.3d 141 (Pa. Cmwlth. 2011). There, a state trooper was investigating an alleged assault when the alleged victim directed the trooper to the licensee's address, informing him that the licensee "had been drinking and drove away." *Id*. at 142. Upon arrival at the licensee's address, the trooper smelled alcohol on the licensee. After the alleged victim identified the licensee as his assailant, the trooper placed the licensee under arrest and asked him to submit to a breath test, which the licensee refused. After being driven to the police barracks and read the DL-26 form, the licensee refused to submit to chemical testing and his operating privilege was suspended as a result. *Id.* at 142-43. The trial court granted the licensee's appeal, finding, in part, that "[t]here was no testimony whatsoever about when [the l]icensee[] may have been driving," *id*. at 143 (quoting trial court opinion), and on appeal, we affirmed. The Court found that the trooper did not have reasonable grounds to believe the licensee was in actual physical control of the vehicle while under the influence when the record contained no credible evidence to establish, among other things, that the licensee was driving. *Id.* at 144. The record here is similarly devoid of any such evidence of actual physical control of the vehicle while driving under the influence.

In light of the foregoing analysis, we agree with the parties that Officer Ocasio did not have reasonable grounds to conclude that Licensee had been operating or had been in actual physical control of the vehicle while under the influence of alcohol or

a controlled substance, and as a result, common pleas committed an error of law in determining otherwise.

Because we agree with the parties that common pleas should have sustained Licensee's appeal, we reverse common pleas' Order.[7]

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[7] In light of our disposition, the parties' Motion asking the Court to vacate and remand this matter for common pleas to sustain Licensee's appeal is dismissed as moot.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jeremiah Rodriguez,  :
              Appellant      :
                             :
        v.                   :   No. 965 C.D. 2022
                             :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing     :

# O R D E R

    **NOW**, August 16, 2023, the Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is **REVERSED**. The Joint Stipulation and Motion filed by the parties is **DISMISSED AS MOOT**.

 

                                              _____

                                              **RENÉE COHN JUBELIRER,** President Judge