IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Malisa Boatwright, :
                Appellant :
 :
       v. : No. 351 C.D. 2022
 : Submitted: March 31, 2023
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing :


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                           FILED: August 29, 2023

Malisa Boatwright (Licensee) appeals from an order entered by the Court of Common Pleas of Allegheny County (trial court) on March 11, 2022, which dismissed Licensee's statutory appeal and reinstated the suspension of her operating privilege. The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) imposed the suspension pursuant to what is commonly known as the Vehicle Code's "Implied Consent Law," 75 Pa. C.S. § 1547(b)(1)(ii), as a result of Licensee's refusal to submit to chemical testing upon her arrest for driving under the influence of alcohol or a controlled substance.[1] After review, we affirm.

---

[1] Section 1547(b)(1)(ii) authorizes DOT to suspend the operating privilege of a licensee for 18 months as a consequence of her refusal to submit to chemical testing in connection with her arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802 (relating to driving under the influence of alcohol or a controlled substance). 75 Pa. C.S. § 1547(b)(1)(ii).

# I. BACKGROUND

On October 17, 2020, City of Duquesne Police Officer Ryan Johnston arrested Licensee for driving under the influence. By notice mailed on November 3, 2020, DOT notified Licensee that, as a result of her refusal to submit to chemical testing, her operating privilege would be suspended for 18 months.[2] *See* Off. Notice of Suspension, 11/3/20, at 1. Licensee appealed her suspension to the trial court, and a *de novo* hearing was held on March 10, 2022.

In support of the suspension, DOT presented testimony from Officer Johnston. According to Officer Johnston, he responded to a dispatch call regarding a disturbance. Notes of Testimony (N.T.), 3/10/22, at 5. Arriving at South 5th Street and Priscilla Avenue in Duquesne, Allegheny County, he discovered a vehicle stopped in a lane of traffic on the roadway, obstructing traffic. *See id.* at 6, 38. The vehicle had its rear lights on; Licensee sat in the driver's seat with the door closed. *See id.* at 6-7. Licensee's sister stood outside of the vehicle. *See id.*

Officer Johnston observed that Licensee had bloodshot, glassy eyes, and another police officer remarked that Licensee smelled of alcohol.[3] *See id.* at 7-10. Licensee repeatedly asked Officer Johnston "what [was] going on" with her sister, even though the question had already been answered. *See id.* at 11. When Officer Johnston asked Licensee to get out of the car, she at first refused and had to be physically removed, and then physically prevented from getting back into the driver's seat. *See id.* at 10-13. Officer Johnston also smelled alcohol on her person. *See id.* at 10.

---

[2] DOT suspended Licensee's operating privilege for 18 months because she was previously convicted for driving under the influence of alcohol or a controlled substance in 2014. *See* DOT Ex. 2.

[3] Licensee's counsel made a hearsay objection, which the trial court overruled. *See* N.T. at 7-10.

Officer Johnston asked Licensee whether she had been drinking, to which she replied that she had one or two beers. *See id.* at 13-14. Officer Johnson administered field sobriety tests, which Licensee failed. *See id.* at 13-21. Licensee refused to provide a preliminary breath sample. *See id.* at 15. At that time, License also admitted to having consumed marijuana and was placed under arrest and transported to UPMC McKeesport Hospital. *See id.* at 24-26. At the hospital, prior to the test, Officer Johnston read Licensee the DL-26 form verbatim. *See id.* at 28-29. Licensee refused the chemical test. *See id.* at 29.

On cross-examination, Officer Johnston conceded that he did not see Licensee operate the vehicle and that he could not remember if the ignition was on when he arrived at the scene. *See id.* at 34-35.

At the close of the hearing, the trial court concluded that Officer Johnston had reasonable grounds to believe that Licensee had operated the vehicle while under the influence. *See id.* at 43. Therefore, the trial court dismissed Licensee's appeal. Licensee timely appealed to this Court.

## II. ISSUE

Licensee asserts that Officer Johnston lacked reasonable grounds to believe that Licensee had been driving while under the influence of alcohol. *See* Licensee's Br. at 8. In support of this assertion, she notes the absence of any evidence suggesting that she was operating or in actual physical control of the movement of the vehicle while under the influence of alcohol. *See id.* (citing *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203 (Pa. 1999), and *Solomon v. Dep't of Transp., Bureau of Driver Licensing*, 966 A.2d 640 (Pa. Cmwlth. 2009), *partially overruled by Bold v. Dep't of Transp., Bureau of Driver Licensing*, 285 A.3d 970 (Pa. Cmwlth. 2022) (distinguishing *Solomon* and noting

3

that generally a motorist's presence in the driver's seat of the vehicle with the engine running satisfies the reasonable grounds test)). She argues that there was no evidence that she had driven the vehicle in question at any point prior to Officer Johnston's arrival. *See id.* at 11.

In response, DOT asserts that the evidence was sufficient to demonstrate Officer Johnston's reasonable belief that Licensee had operated her vehicle while intoxicated. *See* DOT's Br. at 9-23. Specifically, DOT notes that Officer Johnston found a visibly intoxicated Licensee sitting in the driver's seat of a vehicle which was stopped, obstructing traffic, in the lane of a public street with its rear lights on. *See id.* at 18-19. According to DOT, it was thus reasonable for Officer Johnston to assume that someone had driven the car there and that, given Licensee was sitting in the driver's seat, it was Licensee who had driven. *See id.* Further, DOT asserts that the precedent cited by Licensee is easily distinguishable because in both of those cases, the alleged drivers were found sleeping in their vehicles, parked *alongside* roads. *See id.* at 19-20. Thus, considering the totality of the circumstances, DOT asserts that the trial court properly dismissed Licensee's appeal. *See id.* at 23.

### III. DISCUSSION[4]

To sustain a license suspension, DOT has the burden of establishing:

> (1) the licensee was arrested for drunken driving by a
> police officer having reasonable grounds to believe that
> the licensee was driving while under the influence, (2) the

---

[4] Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion. *See Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010). Additionally, we must review the evidence in the light most favorable to the party that prevailed before the trial court. *McDonald v. Dep't of Transp., Bureau of Driver Licensing*, 708 A.2d 154, 155-56 (Pa. Cmwlth. 1998).

licensee was requested to submit to a chemical test, (3) the licensee refused to do so and (4) the licensee was warned that refusal would result in a license suspension. Once DOT meets this burden, the burden shifts to the licensee to establish that he or she either was not capable of making a knowing and conscious refusal or was physically unable to take the test.

*Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013) (internal citation omitted). Here, Licensee only disputes the first element, *i.e.*, whether Officer Johnston had reasonable grounds to believe that Licensee had been driving under the influence.

The test for reasonable grounds is not very demanding, nor is it necessary for the officer to be correct in his belief. *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 384 (Pa. Cmwlth. 2010). "Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the [licensee] was operating the vehicle while under the influence of intoxicating liquor." *Banner*, 737 A.2d at 1207. In determining whether an officer had reasonable grounds for his belief, a court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running, and other evidence that may indicate that the licensee drove the vehicle after consuming alcohol. *See id.* Whether reasonable grounds exist is a question of law reviewable by a court on a case-by-case basis. *Id.*

There is no requirement for a police officer to see the licensee operating a vehicle. *Walkden v. Dep't of Transp., Bureau of Driver Licensing*, 103 A.3d 432, 437 (Pa. Cmwlth. 2014). However, at the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle while intoxicated. *Bold v. Dep't of Transp., Bureau of Driver Licensing*, 285 A.3d 970

5

(Pa. Cmwlth. 2022) (citing *Gammer*, 995 A.2d at 384). Further, "[t]his [C]ourt has consistently held that an officer cannot have reasonable grounds to believe that a licensee was driving under the influence of alcohol unless the officer establishes the timeframe between the licensee's driving and the licensee's intoxication." *Sestric v. Dep't of Transp., Bureau of Driver Licensing*, 29 A.3d 141, 144 (Pa. Cmwlth. 2011).

Here, the trial court credited the testimony of Officer Johnston, concluding that he had reasonable grounds to believe that Licensee drove her vehicle while intoxicated. *See* Trial Ct. Op., 7/14/22, at 3-4. Viewing this evidence in the light most favorable to DOT, we agree that there is sufficient evidence that Licensee was intoxicated when Officer Johnston arrived at the scene. *See* N.T. at 6-29. We agree that there is sufficient evidence that Licensee drove. *See id.* Finally, we conclude that there is sufficient evidence that Licensee drove or operated her vehicle while intoxicated. *See id.*

We agree with DOT that the cases cited by Licensee are distinguishable. Notably, in *Banner*, the licensee was found sleeping in a reclined position in the passenger seat with the keys in the ignition, parked safely alongside a rural road. *Banner*, 737 A.2d at 1204. Likewise, in *Solomon*, the licensee was found sleeping in the reclined driver's seat of the vehicle, parked across the street in a common parking area used by others. *Solomon*, 966 A.2d at 641-42.

When Officer Johnston responded to the call about a disturbance at a particular intersection, he found Licensee still in the car and actively blocking a lane of traffic at that intersection. Unlike Licensee's cited cases, Licensee was not sleeping, but was awake and visibly intoxicated. The car was not parked in a safe area by the roadside, but rather in the middle of a public roadway, obstructing traffic. Finally, Licensee was not in the passenger seat or a reclined driver's seat, but was

6

seated in the driver's seat, upright, and attempted repeatedly to get back into the driver's seat after being removed.

Although Officer Johnston could not remember whether or not the keys were in the ignition, the location and circumstances in which Licensee stopped her car—in an unsafe, active traffic area—are facts obvious enough to satisfy the reasonable grounds test. *See, e.g.*, *Commonwealth v. Brotherson*, 888 A.2d 901 (Pa. Super. 2005) (holding that defendant asleep in his car, which was parked on the basketball court of a children's gated playground, created a strong inference that defendant was already intoxicated when he had driven to the spot). The totality of the circumstances, therefore, afforded the officer reasonable grounds to believe that Licensee had physical control of or had driven the vehicle while intoxicated. *See Banner*, 737 A.2d at 1207.

## IV. CONCLUSION

Viewing the evidence of record in the light most favorable to DOT, *see McDonald*, 708 A.2d at 155-56, we conclude, for the foregoing reasons, that Officer Johnston had reasonable grounds to believe that Licensee had driven her car while she was intoxicated. *See Banner*, 737 A.2d at 1207. Accordingly, we affirm the trial court's order dismissing Licensee's statutory appeal.

LORI A. DUMAS, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Malisa Boatwright,           :
           Appellant       :
                          :
          v.                 :    No. 351 C.D. 2022
                          :
Commonwealth of Pennsylvania,     :
Department of Transportation,       :
Bureau of Driver Licensing         :

## **O R D E R**

AND NOW, this 29th day of August, 2023, the order of the Court of Common Pleas of Allegheny County, entered on March 11, 2022, is AFFIRMED.

 

                         _____
                         LORI A. DUMAS, Judge