# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kedecia Manna d/b/a 9th and Lloyd Inspections | : | CASES CONSOLIDATED |
| | : | |
| | : | |
| v. | : | Nos. 1059 C.D. 2022 |
| | : | 1060 C.D. 2022 |
| Commonwealth of Pennsylvania, | : | 1061 C.D. 2022 |
| Department of Transportation, | : | 1062 C.D. 2022 |
| Bureau of Motor Vehicles, | : | Submitted: July 5, 2024 |
| Appellant | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER         FILED: November 14, 2024

Before the Court in these consolidated appeals are notices of appeal filed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Department), of Orders of the Court of Common Pleas of Delaware County (trial court), sustaining the appeals of Kedecia Manna (Manna), d/b/a 9th and Lloyd Inspections (Station), from the Department's suspensions of Station's Certificate of Appointment as an Official Safety Inspection Station (Safety Certificate) and Certificate of Appointment as an Official Emission Inspection Station (Emissions Certificate) (together, Certificates), as well as the Department's decision to not reappoint those Certificates.[1] On appeal, the Department argues that

---

[1] On October 31, 2024, the Department filed a Motion for Leave to File Praecipe to Withdraw Appeal (Motion to Withdraw). Manna subsequently filed an answer opposing the Motion to Withdraw. Upon consideration of the Motion to Withdraw and the answer thereto, we deny the Motion to Withdraw.

the trial court erred or abused its discretion because the Department showed, by a preponderance of the evidence, that the violations occurred and that refusal to reappoint the Certificates was appropriate under the circumstances. Upon review, we affirm.

## I.    BACKGROUND

On March 21, 2022, the Department issued four notices to Manna relating to the Certificates. The first informed Manna that the Department was declining to reappoint the Safety Certificate and Emissions Certificate based on its regulations at 67 Pa. Code §§ 175.21 and 177.401,[2] respectively, because it was not satisfied the Station was properly equipped or staffed with certified personnel to make inspections and adjustments.[3] (Reproduced Record (R.R.) at 30a-31a.) The Department explained its "determination [wa]s based on multiple audits conducted over three years that consistently found failures to meet regulatory standards for a safety or emissions station," which have resulted in suspensions. (*Id.* at 30a.) The notice also stated that Manna failed to cooperate with audits and "actively thwarted attempts to audit [the Station] on several occasions." (*Id.*) The Department also refused to reappoint the Certificates based on "[p]rior involvement with a suspended inspection station." (*Id.* at 30a-31a (citing 67 Pa. Code §§ 175.21(b), 177.401(c)).) Finally, the notice explained the Department was refusing to reappoint the Emissions Certificate as it was suspended multiple times. (*Id.* at 31a.)

---

[2] Both regulations provide the Department with authority to issue a certificate of appointment provided the station complies with the requirements of the Vehicle Code, 75 Pa.C.S. §§ 101-9805, and the relevant regulations. 67 Pa. Code §§ 175.21(a), 177.401(a).

[3] This notice is the subject of the trial court appeal docketed at 2022-2709 and the appeal to this Court at 1059 C.D. 2022.

In the second notice, the Department suspended the Emissions Certificate for three months, commencing April 22, 2022, for improper security of certificate of inspection pursuant to Section 4724 of the Vehicle Code, 75 Pa.C.S. § 4724,[4] the regulation at 67 Pa. Code § 177.602(a), which lists the schedule of penalties.[5] (R.R. at 68a.) The basis for this suspension was an audit a month earlier during which three emissions stickers could not be accounted. (*Id.*) In a third notice, the Department suspended the Safety Certificate for bad checks indefinitely until the amounts and penalties were paid.[6] (*Id.* at 101a.) Finally, in the fourth notice, the Safety Certificate was suspended for six months, commencing July 6, 2022, for careless record keeping, pursuant to Section 4724 of the Vehicle Code and the Department's regulation at 67 Pa. Code § 175.51(a), which lists the schedule of penalties.[7] (R.R. at 135a.) The basis for this suspension was also an audit the month

_____

[4] Section 4724(a) provides:

The [D]epartment shall supervise and inspect official inspection stations and may suspend the certificate of appointment issued to a station or may impose a monetary penalty or may issue a warning against the station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the [D]epartment. A schedule of all penalties, points and suspension may be established by the [D]epartment by publishing a notice in the Pennsylvania Bulletin until the regulations governing these penalties are promulgated by the department. The [D]epartment shall maintain a list of all stations holding certificates of appointment and of those whose certificates of appointment have been suspended. Any suspended certificate of appointment and all unused certificates of inspection shall be returned immediately to the [D]epartment.

75 Pa.C.S. § 4724(a).

[5] This notice is the subject of the trial court appeal docketed at 2022-2717 and the appeal to this Court at 1060 C.D. 2022.

[6] This notice is the subject of the trial court appeal docketed at 2022-2718 and the appeal to this Court at 1061 C.D. 2022.

[7] This notice is the subject of the trial court appeal docketed at 2022-2719 and the appeal to this Court at 1062 C.D. 2022.

3

prior in which work orders for inspections were produced but they were not entered into the MV-431 log book.[8] (*Id.*) Copies of the February 2022 audit reports were attached to the relevant notices. (*Id.* at 103a-04a, 138a.)

Manna appealed to the trial court, which at the request of the Department consolidated the matters. A hearing was held at which the Department submitted certified business records into evidence without objection as Exhibit C-1.[9] The Department did not call the Quality Assurance Officer (QAO) who completed the audit as a witness. (Trial Court Findings of Fact (FOF) ¶¶ 11, 15.)[10] Manna testified on her own behalf.

Based upon the evidence and testimony presented, the trial court found as follows.[11] The Station has been closed since November 2, 2021, during which time, Manna has "been fixing whatever needed to be fixed." (FOF ¶¶ 16-17.) Days before the February 2022 audit, Manna emailed Department officials a video of the stickers Manna had stored in a safety deposit box at her bank. (*Id.* ¶ 18.) While transporting the stickers to the Station, Manna dropped them, losing two. (*Id.* ¶ 19.) Upon discovering this, Manna notified Department officials. (*Id.* ¶ 20.) The QAO told Manna she had everything that was needed and he did not see why the business could not open, which was confirmed by the Department. (*Id.* ¶¶ 20-21.) On February 28, 2022, three days after the audit, Manna asked counsel for the Department for a copy

---

[8] On the same date, it appears the Department also issued a warning for the same violation. (R.R. at 137a.)

[9] A copy of Exhibit C-1 was admitted for each of the three suspension cases and are located in the Reproduced Record beginning at page 245a. They include the relevant March 21, 2022 notices and the audit reports associated therewith, and a certified listing of violations associated with the Station.

[10] The trial court noted that the QAO was found not credible in another case involving the parties. (FOF ¶ 12.)

[11] The Department does not challenge any of the trial court's factual findings.

of the audit report and was told the QAO had not completed it yet. (*Id.* ¶ 22.) Following a hearing that day, the QAO told Manna, in the presence of a court officer, that he was told not to give Manna the audit report. (*Id.* ¶ 23.) Manna testified she was never contacted by anyone to perform an audit. (*Id.* ¶ 24.)

As to her qualifications, Manna testified she passed every emissions and safety test, had every license except for a fleet license, and had a motorcycle inspection license and enhanced inspection license so that she could inspect salvaged vehicles. (*Id.* ¶ 25.) Manna testified her employees are also properly licensed, and she has sufficient staff to operate the Station. (*Id.* ¶ 26.) According to Manna, she has automated the Station so customers are comfortable and know when their vehicles are completed. (*Id.* ¶ 27.) While the notices state the bad checks occurred in March 2020, Manna states she continued to receive stickers and has bank statements showing the bank processed the checks. (*Id.* ¶¶ 29-30.)

With regard to the suspension for improper security of certificate inspection, Manna explained this was the same basis for a suspension in November, and the Station has not reopened since. (*Id.* ¶ 31.) During this time, Manna stated the stickers were in a bank vault and had the Station been open, they would have been kept in a safe at the Station. (*Id.* ¶¶ 32-33.) Manna explained the reason the stickers were removed from the Station was because the landlord was entering the Station, vandalizing it, and stealing stickers. (*Id.* ¶ 34.) Manna has reported these incidents to the police and provided the police reports to the QAO's manager, along with photos from security cameras of an employee of the competing business stealing her laptop and MV-431 log book and scattering work orders kept in the file cabinet. (*Id.* ¶¶ 35-37.) The trial court found Manna's testimony credible. (*Id.* ¶ 38.)

5

The trial court further found, based on the audit report, Manna is a certified mechanic and has a valid driver's and inspection license, and the Station has valid liability insurance. (*Id.* ¶ 44.) Manna showed the QAO the emissions price poster and metal Keystone sign and was advised of the need to post the Station's hours of operation, pricing, mechanics list, and Certificate of Appointment upon receipt. (*Id.* ¶ 45.) The audit report further stated there is a safe with digital and key lock present to secure stickers, the Station meets minimum size requirements, and all required tools, tool requirements, Document Review, and on-board diagnostics equipment was verified. (*Id.* ¶¶ 46-51.) The report found no violations and the emissions analyzer had current software. (*Id.* ¶¶ 52-53.)

The trial court noted that although the Department asserted the Station lacked competent personnel, its own reports, admitted as Exhibit C-1,[12] shows all Station employes are certified mechanics with valid driver's and inspection licenses. (*Id.* ¶ 4.) The trial court further credited Manna's testimony that her employees are properly licensed and there is sufficient staff to competently operate the Station. (*Id.* ¶ 55.) Based on the Department's exhibit and Manna's credited testimony, the trial court concluded Manna satisfied the requirements of the regulations found at 67 Pa. Code §§ 175.21 and 177.401. (*Id.* ¶ 56.)

In addition, based upon Manna's credited testimony about the alleged bad checks, the trial court further concluded the Department received any money owed and the bank processed the checks in question. (*Id.* ¶ 57.) As for the Department's claim that there was prior involvement with the Station that warranted refusing to

---

[12] A copy of Exhibit C-1 was admitted for each of the three suspension cases and are located in the Reproduced Record beginning at page 245a. They include the relevant March 21, 2022 notices and the audit reports associated therewith, and a certified listing of violations associated with the Station.

reappoint the Certificates, the trial court found there was just one warning for a violation between November 13, 2012 and June 12, 2019, and in many of the cases where citations were issued, the Certificates were restored pending appeal. (*Id.* ¶ 58.) The trial court reasoned that "the mere issuing of a notice of suspension is not proof of a violation and therefore should not be the basis for not reappointing a certificate of appointment," as evidenced by the ability to challenge notices. (*Id.* ¶¶ 59-60.) The trial court concluded, based on its findings, that Manna satisfied the requirements in the regulations for the Certificates. (*Id.* ¶ 61.)

With regard to the notice for three missing stickers, the trial court concluded Manna was not careless in handling them. (*Id.* ¶ 63.) Rather, she credibly testified she kept the stickers in a safety deposit box while the Station was closed to prevent the landlord from stealing them and lost two after she dropped them. (*Id.* ¶¶ 62-63.) Similarly, with regard to the stickers that were not entered into the MV-431 log book, the trial court found Manna credibly testified the MV-431 was stolen by an employee of a competing business. (*Id.* ¶ 64.)

Based upon the above findings, the trial court concluded the Department did not establish, by a preponderance of the evidence, that Manna did not have competent personnel that would conduct inspections properly, as evidenced by the Department's own exhibit, which showed Manna met the requirements to operate the Station. (*Id.* ¶ 66.) It also concluded Manna fulfilled any financial obligations to the Department and credibly explained the missing stickers. (*Id.* ¶¶ 67-68.) Thus, the trial court granted Manna's appeals, rescinded the suspensions, and ordered the Certificates to be reissued. (Trial Court Order.)

The Department appealed, and the trial court directed concise statements of matters complained of on appeal, which the Department filed. In its opinion issued

pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), (Rule 1925(a) Opinion or Op.), the trial court explained it has the authority under Section 4724(b)[13] and caselaw interpreting same to modify a penalty if its findings of fact differ from those of the Department, which here they did. (Rule 1925(a) Op. at 14.) To hold otherwise, the trial court reasoned, would mean a party has the technical right to appeal but no right to redress, which is, in effect, not a right to appeal. (*Id.* at 15.) The trial court continued that the Department "acknowledg[ed] that [it] needed to present witnesses [but] did not call any." (*Id.* at 16.) Thus, the trial court stated it "relied upon the credible testimony of Manna." (*Id.*) The trial court also found the suspension notices were deficient in that they did not identify the exact violations, leaving the trial court to "guess" as to the violations. (*Id.* at 16-17.) The trial court further explained that the Department's own exhibit showed Manna satisfied the requirements, save for one related to hanging a pricing sign. (*Id.* at 16.)

---

[13] This section provides:

Any person whose mechanic certificate issued under section 4726[, 75 Pa.C.S § 4726,] (relating to certification of mechanics) or certificate of appointment has been denied or suspended or who has received a monetary penalty under this chapter shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The court shall set the matter for hearing upon 60 days' written notice to the [D]epartment and take testimony and examine into the facts of the case and determine whether the petitioner is entitled to a mechanic certificate or certificate of appointment or is subject to suspension or monetary penalty under the provisions of this chapter.

75 Pa.C.S. § 4724(b).

## II. PARTIES' ARGUMENTS

On appeal, the Department argues there was sufficient evidence to support its decisions. As for its decision not to reappoint the Certificates, the Department asserts it established Manna did not have competent personnel to make inspections and that Manna would improperly conduct inspections. For support, it points to evidence of multiple audits over the course of a three-year period, during which Manna was repeatedly cited for regulatory violations. The Department also argues Manna refused to cooperate with auditors and "actively thwarted attempts to audit the [Station] on several occasions," which violates her obligations under Section 4731 of the Vehicle Code, 75 Pa.C.S. § 4731.[14] (Department's Brief (Br.) at 15.) The Department also maintains it "exercised its authority and discretion not to reappoint" the Certificates under its regulations at 67 Pa. Code §§ 175.21 and 177.401, but does not elaborate on that statement. (*Id.* at 16.)

As for its suspension notices, the Department argues it proved those violations by a preponderance of the evidence. It argues the February 25, 2022 audit revealed that three emissions stickers are not accounted for, which violates its regulation at 67 Pa. Code § 177.602(a)(xviii).[15] It also asserts there was evidence of bad checks,

---

[14] Section 4731 provides:

> A record shall be made of every inspection and every certificate issued and the record shall be forwarded to the [D]epartment in the manner and at the time the [D]epartment shall specify by regulation. An official inspection station and its records shall be open for inspection by any police officer, authorized [D]epartment employee or any designee of the [D]epartment.

75 Pa.C.S. § 4731.

[15] This section appears in the schedule of penalties and provides for a warning for the first offense, a three-month suspension for a second offense, and a one-year suspension for a third or subsequent offense of improper security of certificate of inspection. 67 Pa. Code § 177.602(a)(xviii).

9

which warrants suspension under 67 Pa. Code § 175.51(a)(4)(vi).[16] Finally, it argues that the Department presented evidence of careless recordkeeping, in violation of 67 Pa. Code § 175.51(a),[17] as the February 25, 2022 audit revealed Manna had not entered 157 inspections into the MV-431. The Department requests that this Court reverse the trial court's Orders.

In response, Manna recounts the various suspensions received from the Department in this and other actions, all of which were appealed by Manna, had supersedeas granted pending appeal, and were ultimately reversed by the trial court, which granted Manna's appeals. Thus, Manna argues the Department's argument about its decision to not reinstate the Certificates is without merit. According to Manna, "[t]he Department cannot 'reappoint' something that was never *legally* cancelled." (Manna's Br. at 16 (emphasis in original).) Manna argues the only testimony provided was hers, which was credited by the trial court. She also argues the notices were defective in that they violated her due process by not citing the specific statutory or regulatory provision alleged violated.

## III. DISCUSSION

Our "review in an inspection certificate suspension case is limited to determining whether the trial court committed an error of law or whether the trial

---

[16] This section also appears in the schedule of penalties and provides for a warning if the amount is not paid within 10 days from the date notified or a suspension until the amount is paid for a first offense, a 2-month suspension or until the amount is paid, whichever is greater, for a second offense, and a 6-month suspension or until the amount is paid, whichever is greater, for a third or subsequent offense of bad checks. 67 Pa. Code § 175.51(a)(4)(vi).

[17] The Department does not identify a specific subsection of paragraph (a); presumably it is (a)(2)(viii), 67 Pa. Code § 175.51(a)(2)(viii). Similar to the other regulations cited in the Department's brief, this section sets forth the schedule of penalties. For a violation of careless recordkeeping, the penalty for the first offense is a warning, for a second offense is a four-month suspension, and for a third or subsequent offense is a six-month suspension. *Id.*

10

court's findings are supported by substantial evidence." *McCarthy v. Dep't of Transp.*, 7 A.3d 346, 350 (Pa. Cmwlth. 2010). "Substantial evidence is [defined as] relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the fact finder, might accept as adequate to support the conclusion reached." *Snyder v. Dep't of Transp., Bureau of Motor Vehicles*, 970 A.2d 523, 528 (Pa. Cmwlth. 2009) (citation omitted). So long as the record evidence "is adequate to support the finding found by the trial court, as fact finder, [] [this Court is] precluded from overturning th[e] finding and must affirm." *Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989). In addition, we review the record "evidence in a light most favorable to . . . the prevailing party." *Sillah v. Dep't of Transp.* (Pa. Cmwlth., No. 1311 C.D. 2016, filed Jan. 16, 2018), slip op. at 10 n.15[18] (citing *McDonald v. Dep't of Transp., Bureau of Driver Licensing*, 708 A.2d 154, 156 (Pa. Cmwlth. 1998)). "Witness credibility [] [lies] solely within the province of the trial court," *id.*, as does determinations of evidentiary weight, *Castagna v. Department of Transportation, Bureau of Motor Vehicles*, 831 A.2d 156, 160 n.4 (Pa. Cmwlth. 2003). "In cases involving alleged violations of the Code and the regulations interpreting the same, [the Department] has the burden of proving such violations by a preponderance of the evidence." *Firestone Tire & Serv. Ctr., O.I.S. #798 v. Dep't of Transp.*, 871 A.2d 863, 867 (Pa. Cmwlth. 2005).

As has been the issue in other cases involving these parties, the Department's three suspension notices in this matter fall short of due process requirements. *See Manna v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth., Nos. 516 & 517

---

[18] This unreported panel decision is cited for its persuasive, rather than binding, value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

11

C.D. 2022, filed September 20, 2024), slip op. at 10-12 (*Manna I*), *Manna v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth., Nos. 993 & 994 C.D. 2022, filed October 7, 2024), slip op. at 12 (*Manna II*), *Manna v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth., Nos. 785 & 786 C.D. 2022, filed Oct. 22, 2024), slip op. at 13-14 (*Manna III*), and *Manna v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth., Nos. 1057 & 1058 C.D. 2022, filed Nov. 14, 2024), slip op. at 15-16 (*Manna IV*). Specifically,

> [a]dequate notice for procedural due process requires a minimum that the notice contain a sufficient listing and explanation of the charges against an individual. *Dunn v.* [*Dep't of Transp.*], *Bureau of Driver* [*L*]*icensing*[,] 819 A.2[d] 189 (Pa. Cmwlth. 2003), citing *Gombach v. Dep't of State, Bureau of Comm'ns, Elections & Legis.*, 692 A.2d 1129 (Pa. Cmwlth. 1997). At the very least, the notice must have a "sufficient **listing and explanation** of the charges against an individual." [] *Id.* Pursuant to the holding in *Walker v. Department of Transportation*[, *Bureau of Motor Vehicles* (Pa. Cmwlth., No. 771 C.D. 2018, filed April 30, 2019),] sufficient notice requires including the date, time, and location of the conduct, **the specific section and subsection of the regulation violated**, and a summary of facts sufficient to inform the licensee of the nature of the conduct forming the basis for the violation.

*Manna IV*, slip op. at 16 (citation omitted) (emphasis in original).

Here, the suspension notices and even the Department's Brief simply cite to the section of the Vehicle Code, 75 Pa.C.S. §§ 101-9805, authorizing the Department to issue suspensions or regulations that set forth penalties, not substantive provisions. Pursuant to our precedent set forth in *Manna I-IV*, the failure to cite the specific section and subsection of the regulation violated is insufficient.[19]

This leaves the issue of the Department's refusal to reappoint the Certificates. As the trial court found, the Department's own exhibit shows the Station meets the

---

[19] We note that even if we were to reach the merits of the Department's arguments, based upon the trial court's credibility determinations, we would still affirm.

requirements for reappointment, except for one sign that needs to be posted, of which Manna was advised. The Department does not challenge those findings on appeal. To the extent the refusal was based on prior suspensions of the Station, that argument necessarily fails because those suspensions have ultimately been reversed by the trial court, and those decisions have been affirmed by this Court. *See Manna I-IV*.

Based upon the foregoing, we once again affirm the trial court's Orders sustaining Manna's appeals, rescinding the suspensions, and directing reappointment of the Certificates.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kedecia Manna d/b/a 9th and Lloyd Inspections | : | CASES CONSOLIDATED |
| | : | |
| | : | |
| v. | : | Nos. 1059 C.D. 2022 |
| | : | 1060 C.D. 2022 |
| Commonwealth of Pennsylvania, | : | 1061 C.D. 2022 |
| Department of Transportation, | : | 1062 C.D. 2022 |
| Bureau of Motor Vehicles, | : | |
| Appellant | : | |

# **O R D E R**

**NOW**, November 14, 2024, the Orders of the Court of Common Pleas of Delaware County, exited September 2, 2022, are **AFFIRMED**. The Motion for Leave to File Praecipe to Withdraw Appeal, which was opposed, is **DENIED**.

_____
**RENÉE COHN JUBELIRER,** President Judge